IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| WSOU INVESTMENTS, LLC d/b/a BRAZOS LICENSING AND DEVELOPMENT, <br><br> Plaintiff, <br><br> v. <br><br> NETGEAR, INC., <br><br> Defendant. | Civil Action No. 6:21-cv-00153-ADA <br><br> JURY TRIAL DEMANDED |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development ("Plaintiff"), through its attorneys, complains of NetGear, Inc. ("Defendant"), and alleges the following:

**PARTIES**

1. Plaintiff WSOU Investments, LLC d/b/a Brazos Licensing and Development is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 605 Austin Avenue, Suite 6, Waco, Texas 76701.

2. Defendant NetGear, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business in this District.

3. Upon information and belief, Defendant maintains a channel account manager in Austin, Texas.

4. According to Defendant's Form 10-K for the fiscal year ended December 31, 2019, Defendant "rel[ies] on a limited number of traditional and online retailers, wholesale distributors and service provider customers for a substantial portion of [its] sales."

1

http://d18rn0p25nwr6d.cloudfront.net/CIK-0001122904/b681c407-db10-4cb6-b522-4a98a0f62bf3.pdf at p. 16.

5. Defendant sells a substantial portion of products through traditional and online retailers, including Best Buy, and wholesale distributors, including Tech Data Corporation. *Id.* Defendant "sell[s] directly to [its] distributors, the largest of which are Ingram Micro, Inc., D&H Distributing Company and Tech Data Corporation." *Id.* at p. 2. Defendant's distributors, including Tech Data Corporation, supply Defendant's products to retailers, e-commerce resellers, direct market resellers, value-added resellers, broadband service providers, and Defendant's webstore at www.netgear.com. *Id.* Best Buy maintains locations throughout Texas and this District. https://stores.bestbuy.com/tx.html; https://stores.bestbuy.com/tx/waco.html. Tech Data Corporation maintains an office in San Antonio, Texas. https://www.techdata.com/where-we-are.htm.

6. Defendant also directly supplies its products to broadband service providers, the largest of which include AT&T. http://d18rn0p25nwr6d.cloudfront.net/CIK-0001122904/b681c407-db10-4cb6-b522-4a98a0f62bf3.pdf at p. 2. AT&T was previously headquartered in San Antonio, Texas, and is currently headquartered in Dallas, Texas. https://en.wikipedia.org/wiki/AT%26T.

7. Upon information and belief, Defendant maintains an independent customer support center for at least some of its wireless network products in Austin, Texas. *See, e.g.*, https://pr.enrollbusiness.com/en/BusinessProfile/4222396/Orbi-Router-Setup-Austin-TX-78759; http://www.wherezit.com/listing_show.php?lid=1692800; https://www.find-us-here.com/businesses/Netgear-Orbi-Customer-Support-Austin-Texas-USA/33117254/.

8. Defendant maintains its right to transact business in Texas. Defendant's Texas Taxpayer Number is 17704191729.

## JURISDICTION

9. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

10. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

11. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

12. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c), and 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District, has committed acts of patent infringement giving rise to this action in this District, and continues to conduct business in this District, including one or more acts of making, selling, using, importing and/or offering for sale infringing products or providing support service to Defendant's customers in this District. In addition, Plaintiff has suffered harm in this District.

## PATENT-IN-SUIT

13. Plaintiff is the assignee of all right, title and interest in United States Patent No. 7,512,096 ("the '096 Patent"), including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the '096 Patent. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the '096 Patent by Defendant.

## THE '096 PATENT

14. The '096 Patent is entitled "Communicating data between an access point and multiple wireless devices over a link" and issued on March 31, 2009. The application leading to the '096 Patent was filed on November 24, 2004. A true and correct copy of the '096 Patent is attached hereto as **Exhibit 1** and incorporated herein by reference.

15. The '096 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '096 PATENT

16. Plaintiff incorporates the above paragraphs herein by reference.

17. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '096 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant product identified in the chart incorporated into this Count below ("Exemplary Defendant Product") that infringes at least the exemplary claim of the '096 Patent also identified in the chart incorporated into this Count below (the "Exemplary '096 Patent Claim") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '096 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

18. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '096 Patent Claim, by having its employees internally test and use the Exemplary Product.

19. **Actual Knowledge of Infringement.** The service of this Complaint upon Defendant constitutes actual knowledge of infringement as alleged here.

20. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '096 Patent. On

information and belief, Defendant has also continued to sell the Exemplary Defendant Product and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '096 Patent. Examples of such product literature and website materials include the following:

- https://www.netgear.com/images/datasheet/wireless/WAC740.pdf

21. **Induced Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues to induce infringement of the '096 Patent, literally or by the doctrine of equivalents, by encouraging or aiding others to make, use, sell, or offer to sell the Exemplary Defendant Product and other infringing products in the United States, or to import them into the United States, without license or authority from Plaintiff with knowledge of or willful blindness to the fact that Defendant's actions will induce others, including but not limited to its customers, partners, and/or end users to infringe the '096 Patent. Defendant induces others to infringe the '096 Patent by encouraging and facilitating others to perform actions that Defendant knows to be acts of infringement of the '096 Patent with intent that those performing the acts infringe the '096 Patent.

22. **Contributory Infringement.** Defendant therefore actively, knowingly, and intentionally has been and continues to materially contribute to its own customers' infringement of the '096 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Product and other infringing products to its customers for use in end-user products in a manner that infringes one or more claims of the '096 Patent. The Exemplary Defendant Product and other infringing products are especially made or adapted for infringing the '096 Patent and are not staple articles of commerce suitable for substantial non-infringing uses. For example, in view of the preceding paragraphs, the Exemplary Defendant Product contains functionality which is material to at least one claim of the '096 Patent.

23.     **Exhibit 2** includes a chart comparing the Exemplary '096 Patent Claim to the Exemplary Defendant Product.  As set forth in the chart, the Exemplary Defendant Product practices the technology claimed by the '096 Patent.  Accordingly, the Exemplary Defendant Product incorporated in the chart satisfies all elements of the Exemplary '096 Patent Claim.

24.     Plaintiff therefore incorporates by reference in its allegations herein the claim chart of Exhibit 2, and corresponding referenced exhibits.

25.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

26.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A judgment that the '096 Patent is valid and enforceable;

B.     A judgment that Defendant has infringed directly, contributorily, and/or induced infringement of one or more claims of the '096 Patent;

C.     An accounting of all damages not presented at trial;

D.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement with respect to the '096 Patent;

E.     A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '096 Patent, including pre- and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

F. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

   ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated:  February 19, 2021        RESPECTFULLY SUBMITTED,

By: */s/ Mark D. Siegmund*
Mark D. Siegmund (TX Bar No. 24117055)
mark@waltfairpllc.com
**LAW FIRM OF WALT FAIR, PLLC**
1508 N. Valley Mills Drive
Waco, TX 76710
Telephone:  (254) 772-6400
Facsimile:   (254) 772-6432

Jonathan K. Waldrop (CA Bar No. 297903)
(Admitted in this District)
jwaldrop@kasowitz.com
Darcy L. Jones (CA Bar No. 309474)
(Admitted in this District)
djones@kasowitz.com
Marcus A. Barber (CA Bar No. 307361)
(Admitted in this District)
mbarber@kasowitz.com
John W. Downing (CA Bar No. 252850)
(Admitted in this District)
jdowning@kasowitz.com
Heather S. Kim (CA Bar No. 277686)
(Admitted in this District)
hkim@kasowitz.com
Jack Shaw (CA Bar No. 309382)
(Admitted in this District)
jshaw@kasowitz.com
**KASOWITZ BENSON TORRES LLP**
333 Twin Dolphin Drive, Suite 200
Redwood Shores, California 94065
Telephone: (650) 453-5170
Facsimile: (650) 453-5096

**Attorneys for Plaintiff**
**WSOU INVESTMENTS, LLC d/b/a**
**BRAZOS LICENSING AND**
**DEVELOPMENT**