# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT, <br> *Plaintiff*, <br><br> v. <br><br> NETGEAR, INC., <br> *Defendant*. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION 6:21-cv-00153-ADA <br> CIVIL ACTION 6:21-cv-00154-ADA <br> CIVIL ACTION 6:21-cv-00155-ADA <br><br> **JURY TRIAL DEMANDED** |

## JOINT MOTION FOR ENTRY OF AGREED PROPOSED SCHEDULING ORDER

Pursuant to the Court's June 24, 2021 Order Governing Proceedings Version 3.4, the parties jointly submit this agreed proposed scheduling order. The parties agree on the case schedule attached as Exhibit A.

| | |
|---|---|
| Dated: July 14, 2021 | By: */s/ Jonathan K. Waldrop*<br>Mark D. Siegmund (TX Bar No. 24117055)<br>mark@waltfairpllc.com<br>**LAW FIRM OF WALT FAIR, PLLC**<br>1508 N. Valley Mills Drive<br>Waco, TX 76710<br>Telephone: (254) 772-6400<br>Facsimile: (254) 772-6432<br><br>Jonathan K. Waldrop (CA Bar No. 297903)<br>(Admitted in this District)<br>jwaldrop@kasowitz.com<br>Darcy L. Jones (CA Bar No. 309474)<br>(Admitted in this District)<br>djones@kasowitz.com<br>Marcus A. Barber (CA Bar No. 307361)<br>(Admitted in this District)<br>mbarber@kasowitz.com<br>John W. Downing (CA Bar No. 252850)<br>(Admitted in this District)<br>jdowning@kasowitz.com<br>Heather S. Kim (CA Bar No. 277686)<br>(Admitted in this District)<br>hkim@kasowitz.com<br>Jack Shaw (CA Bar No. 309382)<br>(Admitted in this District)<br>jshaw@kasowitz.com<br>**KASOWITZ BENSON TORRES LLP**<br>333 Twin Dolphin Drive, Suite 200<br>Redwood Shores, California 94065<br>Telephone: (650) 453-5170<br>Facsimile: (650) 453-5171<br><br>**Attorneys for Plaintiff**<br>**WSOU INVESTMENTS, LLC d/b/a**<br>**BRAZOS LICENSING AND**<br>**DEVELOPMENT** |

Dated: July 14, 2021

Kevin E. Cadwell
State Bar No. 24036304
David R. Clonts
State Bar No. 04403700
Cadwell Clonts & Reeder LLP
One Riverway, Suite 1700
Houston, Texas 77056
Telephone: 713.360.1560
Facsimile: 940-233-8587
kcadwell@cadwellclontsreeder.com
dclonts@cadwellclontsreeder.com

NETGEAR, INC.

By: */s/ Amr O. Aly*
Amr O. Aly (pro hac vice)
Cayman C. Mitchell (pro hac vice)
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
Telephone: 212-891-1600
Facsimile: 212-891-1699
aaly@jenner.com
cmitchell@jenner.com

Alexander J. Hadjis (pro hac vice)
JENNER & BLOCK LLP
1099 New York Ave, NW
Washington, DC 20016
Telephone: 202-639-6000
Facsimile: 202-639-6066
ahadjis@jenner.com

Lisa M. Schoedel (pro hac vice)
Yusuf Esat (pro hac vice)
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654-3456
Telephone: 312-222-9350
Facsimile: 312-527-0484
lschoedel@jenner.com
yesat@jenner.com

**Attorneys for Defendant NETGEAR, Inc.**

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| WSOU INVESTMENTS, LLC D/B/A BRAZOS LICENSING AND DEVELOPMENT,<br>   *Plaintiff*,<br><br>v.<br><br>NETGEAR, INC.,<br>   *Defendant*. | § § § § § § § § § § § | CIVIL ACTION 6:21-cv-00153-ADA<br>CIVIL ACTION 6:21-cv-00154-ADA<br>CIVIL ACTION 6:21-cv-00155-ADA<br><br>JURY TRIAL DEMANDED |

## SCHEDULING ORDER

| Date | Item |
|---|---|
| **July 9, 2021** | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (i.e. the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for reach claimed invention, and (2) a copy of the file history for reach patent in suit. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served, and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

| | |
|---|---|
| **July 14, 2021** | The Parties shall submit an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of each Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| **September 3, 2021** | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s).[2] |
| **September 17, 2021** | Parties exchange claim terms for construction. |
| **October 1, 2021** | Parties exchange proposed claim constructions. |

---

[2] To the extent it may promote early resolution, the Court encourages the parties to exchange license and sales information, but any such exchange is optional during the pre-*Markman* phase of the case.

| | |
|---|---|
| **October 8, 2021** | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon in their opening brief with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[3] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| **October 15, 2021** | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |
| **October 22, 2021** | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| **November 12, 2021** | Plaintiff files Responsive claim construction brief. |
| **December 3, 2021** | Defendant files Reply claim construction brief. |
| **December 17, 2021** | Plaintiff files Sur-Reply claim construction brief. |
| **December 22, 2021** | Parties submit Joint Claim Construction Statement.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| **December 24, 2021** | Parties submit optional technical tutorials to the Court and technical advisor (if appointed).[4] |
| **January 5, 2022** | *Markman* hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. |
| **January 6, 2022** | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |

---

[3] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

[4] The parties should contact the law clerk to request a Box link so that the party can directly upload the file to the Court's Box account.

| | |
|---|---|
| **February 4, 2022** | Deadline to add parties. |
| **March 4, 2022** | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to Infringement or Invalidity contentions.<br><br>This deadline does not relieve the Parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| **April 29, 2022** | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or claims. (Note: This includes amendments in response to a 12(c) motion.) |
| **July 8, 2022** | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's Law Clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| **August 5, 2022** | Close of Fact Discovery. |
| **August 26, 2022** | Opening Expert Reports. |
| **September 23, 2022** | Rebuttal Expert Reports. |
| **October 14, 2022** | Close of Expert Discovery. |
| **October 21, 2022** | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. To the extent it helps the parties determine these limits, the parties are encouraged to contact the Court's Law Clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| **October 28, 2022** | The parties shall file a Joint Report regarding the results of the meet and confer. |

| | |
|---|---|
| **November 4, 2022** | Dispositive motion deadline and *Daubert* motion deadline.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical adviser (if appointed). |
| **November 18, 2022** | Oppositions to dispositive motions and *Daubert* motions. |
| **December 2, 2022** | Replies in support of dispositive motions and *Daubert* motions. |
| **December 9, 2022** | Serve Pretrial Disclosures (jury instructions, exhibit lists, witness lists, discovery and deposition designations). |
| **December 23, 2022** | Serve objections to pretrial disclosures/rebuttal disclosures. |
| **December 30, 2022** | Serve objections to rebuttal disclosures and **File** Motions *in limine*. |
| **January 6, 2023** | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibit lists, witness lists, discovery and deposition designations); file oppositions to motions *in limine*. |
| **January 13, 2023** | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and e-mail the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com.<br><br>Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| **January 24, 2023** | File joint notice identifying remaining objections to pretrial disclosures and disputes on motion *in limine*. |

| **January 27, 2023** | Final Pretrial Conference. The Court expects to set this date at the conclusion of the *Markman* Hearing. |
| --- | --- |
| **February 13, 2023** [52 weeks after *Markman* hearing (or as soon as practicable)][5] | Jury Selection/Trial for the three above-captioned cases. The Court expects to set these dates at the conclusion of the *Markman* hearing. |

SIGNED this _____ day of _____, 2021

                                               _____
                                               **ALAN D. ALBRIGHT**
                                               **UNITED STATES DISTRICT JUDGE**

---

[5] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.